```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

| | | |
|---|---|---|
| ROBERT D. GLOVER, | : | HABEAS CORPUS |
| GDC ID 813029, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-3550-TWT-ECS |
| BRIAN OWENS and GEORGIA | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
|     Respondents. | : | |

**FINAL REPORT AND RECOMMENDATION**

Earlier this year, state inmate Robert D. Glover filed a *pro se* "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" in which he asserted that the Georgia Department of Corrections had improperly calculated his release date by denying him credit for time spent in pretrial detention. See *Glover v. Owens*, No. 1:14-CV-2726-TWT (N.D. Ga. Aug. 20, 2014) [Doc. No. 1 therein]. Because that claim should have been brought in a habeas corpus petition pursuant to 28 U.S.C. § 2254 rather than in a § 1983 complaint, this Court recharacterized that case as a habeas corpus action. In addition, because it was clear that Mr. Glover had failed to exhaust all available state remedies, this Court dismissed that case without prejudice. See *id.* [Doc. No. 5 therein]. Judgment was entered on October 10, 2014, and Mr. Glover did not appeal.

On October 27, 2014, Mr. Glover submitted another *pro se* § 1983 complaint, raising the same claim. See [Doc. No. 1]. Mr. Glover's filing indicates that he has "requested mandamus" in state

court, but received "no response." Thus, it is apparent that Mr. Glover still has not exhausted all available state remedies.

The Clerk is **DIRECTED** to recharacterize this case as a habeas corpus action under 28 U.S.C. § 2254.

Because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," 28 U.S.C. foll. § 2254, Rule 4, the undersigned **RECOMMENDS** that this case also be **DISMISSED WITHOUT PREJUDICE** to permit Mr. Glover to first exhaust available state remedies.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254, Rule 11(a). To merit a certificate of appealability, Mr. Glover must show that reasonable jurists would find debatable both (1) the merit of his underlying claims, and (2) the procedural issues that he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000). Because Mr. Glover has failed to make the requisite showing, the undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**.

Solely for the purpose of dismissal, Mr. Glover is **GRANTED** permission to proceed in forma pauperis.

2

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 17th day of November, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | | |
|---|---|---|
| ROBERT D. GLOVER, | : | HABEAS CORPUS |
| GDC ID 813029, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-3550-TWT-ECS |
| BRIAN OWENS and GEORGIA | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
|     Respondents. | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the

District Court and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 17th day of November, 2014.

> *S/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

2